# Langford v. Hughes.

November 12, 1948.

Bethurum & Neikirk for appellant.

H. C. Kennedy for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The judgment is for the defendant in a suit to cancel a coal lease and recover damages for waste.

The plaintiff, now appellant, J. W. Langford, executed a mineral lease of ten acres to Tom Hughes on August 1, 1941. It provides that if the lessee should commit waste or leave mineable coal, the contract is to become "null and void and non-effect." The defendant denied the charges, pleaded estoppel and entered a counterclaim for sums paid the plaintiff as royalties. Although he had executed the lease as if he were the owner, title was in his son. The plea of estoppel is based upon allegations, supported by evidence, that the plaintiff

had caused a similar suit to be filed previously by his son, and had stopped the mining operations for about three months by obtaining a restraining order. Also, that the plaintiff had accepted royalties regularly and continuously to the present time. It may be observed that the present suit was filed by J. W. Langford soon after his son conveyed the property to him. Obviously, the plea of estoppel need not be considered if the defendant is entitled to an affirmance of the judgment upon the merits of the main issue.

The evidence of the appellant and several witnesses, who are experts or experienced in mining, is to the effect that the mine had been operated in a wasteful manner; that there was insufficient ventilation and removal of the slate; that water has been permitted to accumulate so as to destroy or render unmineable thousands of tons of coal. It is further shown that in recent periods the royalties have been meager, which establishes the fact that the general operation of the mine is not what it should have been. To state the evidence, even in summary, would extend the opinion unnecessarily and would be of little use as a precedent. It is sufficient to say that if uncontradicted, the proof would sustain the plaintiff's charges of waste and improper mining.

Appellee's testimony, substantiated by witnesses who have worked in the mine, is to the effect that the mine compares favorably as to conditions with others of similar character and size. It is proved that the mine is properly ventilated by flues and that there has never been any accident in it. Appellee admits that water and slate have accumulated, but there is abundant evidence that this is a common characteristic of almost every mine. It is shown that most of the water and slate accumulated during the litigation of the first action, which, as above suggested, was instituted and prosecuted by this plaintiff in the name of his son up to the time that a member of this Court, following the Circuit Court, denied the plaintiff a temporary injunction after the restraining order had been dissolved. That suit was dismissed when title was acquired by this plaintiff and the litigation renewed in his name. In short, not only is there a denial of waste as established by the plaintiff's evidence, but considerable proof that much of the unsatisfactory conditions was brought about by the

510

interference of the plaintiff, amounting in effect to his breach of the contract.

It is a well settled principle of both law and equity that contractual provisions for forfeitures are looked upon with disfavor, and that they are strictly construed against the party seeking to invoke them. Equity will be slow to enforce such provisions. Continental Fuel Co. v. Haden, 182 Ky. 8, 206 S. W. 8. It should be clearly shown that the lessee did that which a prudent person would not do with his own property. Landers v. Landers, 151 Ky. 206, 151 S. W. 386, Am. Cas. 1915A, 223; Addison v. Brandenburg, 202 Ky. 580, 260 S. W. 381. In the present case, the lessee cannot be held accountable for what occurred to the detriment of the plaintiff during the time he was under injunction or was hindered by the litigation. Ross v. Sheldon, Ky., 119 S. W. 225. Consequently, a heavier burden was imposed upon the plaintiff to prove his right to cancellation or forfeiture than one bears in the ordinary case. Applying this consideration, along with the familiar rule that an appellate court will not reverse a judgment founded upon a finding of fact by the chancellor on contradictory evidence where there is doubt as to what is the real truth of the matter leads to the conclusion that the judgment should be affirmed.

Judgment affirmed.